Filed 7/29/15  In re Anthony A. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re ANTHONY A., a Person Coming Under the Juvenile Court Law. | B261744 |
| | (Los Angeles County Super. Ct. No. FJ51587) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| ANTHONY A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Totten, Juvenile Court Referee.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Sixteen-year-old Anthony A. forced a child under 14 years of age to orally copulate him on several occasions over a one month period. On August 16, 2013, the People filed an amended petition under Welfare and Institutions Code section 602[1] alleging Anthony had committed a lewd act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)), a forcible lewd act upon a child under the age of 14 years (Pen. Code, § 288, subd. (b)(1)), and aggravated sexual assault of a child under the age of 14 years (Pen. Code, § 269, subd. (a)(4)). The People also filed a motion to declare Anthony unfit to be dealt with under juvenile court law (§ 707, subd. (a)).

On July 8, 2014, Anthony's counsel declared a doubt as to Anthony's competency. The juvenile court suspended the proceedings and appointed Dr. Nancy Kaiser Boyd to evaluate Anthony (§ 709). Following a contested hearing on October 7, 2014, the court found Anthony competent and reinstated proceedings.

Pursuant to a negotiated plea on December 23, 2014, Anthony admitted he had committed a forcible lewd act upon a child under the age of 14 years (count 2). In return the People agreed to withdraw their motion for a fitness hearing and moved to dismiss the remaining counts. The juvenile court declared Anthony a ward of the court and the offense a felony, and ordered Anthony committed to the Department of Corrections and Rehabilitation, Division of Juvenile Justice for a maximum term of confinement not to exceed eight years.

Anthony filed a timely notice of appeal, and we appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On June 18, 2015, we advised Anthony he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

---

[1] Statutory references are to this code, unless otherwise indicated.

2

We have examined the record and are satisfied Anthony's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.


ZELON, J.



We concur:



PERLUSS, P. J.



SEGAL, J.

3